**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: AVEO Pharmaceuticals, Inc. Securities Litigation ) ) ) ) ) ) | Civ. A. No. 1:13-cv-11157-DJC<br><br>CLASS ACTION |
| This Document Relates To<br>ALL CASES ) ) ) ) ) | Hon. Denise J. Casper<br><br>**Leave Granted July 14, 2017**<br>**Dkt. No. 148, 151** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane
Boston, MA 02210
Tel. (617) 439-3939
Fax (617) 439-0134

**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Phone: (312) 377-1181
Fax: (312) 377-1184

*Counsel for Lead Plaintiffs and the Class*

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL HISTORY MISSTATED IN DEFENDANTS' RESPONSE ....................... 3

ARGUMENT ......................................................................................................................... 4

I.  Defendants do not dispute that Plaintiffs have provided credible evidence establishing each of the elements of Rules 23(a) and 23(b)(3) ........................................................ 4

II. Defendants' truth-on-the-market/loss causation argument violates controlling Supreme Court precedent ........................................................................................................... 4

III. None of Defendants' cases support their effort to circumvent binding Supreme Court authority ...................................................................................................................... 8

CONCLUSION ...................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .......................................................... 6

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455 (2013) ................. passim

*Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.)*, 777 F.3d 9 (1st Cir. 2015) ............ 6

*Burges v. BancorpSouth, Inc.*, No. 3:14-cv-1564, 2017 U.S. Dist. LEXIS 97953 (M.D. Tenn. June 26, 2017) ........................................................................................... 7

*City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2015 U.S. Dist. LEXIS 115287 (D.N.J. Aug. 31, 2015) ........................................ 7

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ............................... passim

*Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) ..................................... 2

*Hatamian v. Advanced Micro Devices, Inc.*, No.: 14-cv-00226 YGR, 2016 U.S. Dist. LEXIS 34150, (N.D. Cal. Mar. 16, 2016) ................................................................................. 7

*Hayes v. MagnaChip Semiconductor, Inc.*, No. 14-cv-01160-JST, 2016 U.S. Dist. LEXIS 177787 (N.D. Cal. Dec. 22, 2016) ..................................................................... 8

*In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91 (S.D.N.Y. 2016) .......................................... 5, 7

*In re Corel Corp. Sec. Litig.*, 206 F.R.D. 533 (E.D. Pa. 2002) .............................................. 9

*In re Fed. Nat. Mortg. Ass'n Sec., Derivative & ERISA Litig.*, 247 F.R.D. 32 (D.D.C. 2008) ................................................................................................................. 9

*In re Nature's Sunshine Prod.'s Inc. Sec. Litig.*, 251 F.R.D. 656 (D. Utah 2008) ................... 9

*In re PolyMedica Corp. Securities Litig.*, 432 F.3d 1 (1st Cir. 2005) ..................................... 5

*Tice v. NovaStar Fin., Inc.*, No. 04-0330, 2004 U.S. Dist. LEXIS 16800 (W.D. Mo. Aug. 23, 2004) ........................................................................................... 9

**INTRODUCTION**

Plaintiffs' motion seeks certification of a class consistent with the class definition contained in the TAC and in prior complaints since the inception of this litigation.[1] Defendants do not dispute that class certification is appropriate under Federal Rule of Civil Procedure 23(a) and 23(b)(3).  Nor do Defendants challenge any issue relevant to class certification, including:

- That the proposed class is so numerous that joinder is impracticable (Fed. R. Civ. P. 23(a)(1));
- That there are questions of law and fact common to the class (Fed. R. Civ. P. 23(a)(2));
- That Plaintiffs' claims are typical of the claims of other class members (Fed. R. Civ. P. 23(a)(3));
- That Plaintiffs are adequate class representatives (Fed. R. Civ. P. 23(a)(4));
- That common questions of law or fact will predominate at trial over questions affecting only individual class members (Fed. R. Civ. P. 23(b)(3));
- That AVEO shares traded in an efficient market (meaning that reliance can be established classwide);
- That the market efficiency testimony provided by Plaintiffs' expert was reliable and helpful to the trier of fact;
- That a class action is a superior method to fairly and efficiently adjudicate this controversy (Fed. R. Civ. P. 23(b)(3));
- That class counsel will fairly and adequately protect the interests of the class (Fed. R. Civ. P. 23(g)); and
- That damages are capable of classwide determination.

Because all requirements for class certification are unquestionably satisfied, and Defendants do not controvert any class certification evidence, certification should be granted.

---

[1] All abbreviations and acronyms herein have the same meanings as used in Plaintiffs' opening brief (Dkt. No. 146).

Unable to raise any legitimate challenge to class certification, Defendants instead use their "response" brief solely to advance a single argument that the Supreme Court has repeatedly instructed is not appropriate for determination at the class certification stage. Specifically, Defendants argue that the truth was in the market as of April 30, 2013, such that the claims of the class members who purchased within the remaining two days of the Class Period are not "plausible" *See, e.g.,* Dkt. No. 154 ("Defs' Br.") at 2 ("Information from the [May 2, 2013] [Oncologic Drugs Advisory Committee ("ODAC")] meeting was not curative of any prior AVEO disclosure. To the extent the ODAC statements relate to the study recommendation, which was disclosed days earlier, they are cumulative and cannot constitute curative disclosures.").

This is not a class certification argument. Instead, it addresses materiality or loss causation – elements that district courts are categorically prohibited from determining at the class certification stage. In *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 481-82 (2013), the Supreme Court rejected the very argument Defendants advance here. *Id.* It held that determination of whether "news of the [truth] credibly entered the market and dissipated the effects of [prior] misstatements" is "***a matter for trial*** (and presumably also for a summary-judgment motion)." *Id.* (emphasis added). Again, in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) ("*Halliburton II*"), the Supreme Court emphasized that "materiality. . . should be left to the merits stage, because it does not bear on the predominance requirement of Rule 23(b)(3)."

Defendants' argument fares no better if characterized as an issue of loss causation (*i.e.,* whether the May 2, 2013 ODAC panel disclosures were "curative"). Controlling Supreme Court precedent also bars consideration of loss causation at the certification stage. In *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 813 (2011) ("*Halliburton I*"), the Supreme Court explained that plaintiffs in a securities class action are not required "to show loss causation as a

condition of obtaining class certification." There is no good faith basis for Defendants to argue otherwise—or to fail to inform this Court of adverse authority fatal to their position.[2]

## PROCEDURAL HISTORY MISSTATED IN DEFENDANTS' RESPONSE

Defendants' response confuses the procedural history of this litigation, erroneously characterizing Plaintiffs' motion as "seek[ing] to extend the class period." Defs' Br. at 1-2. In fact, the Class Period described in Plaintiffs' motion faithfully tracks the Class Period set forth in the TAC, *see* Dkt. No. 117 at ¶1, and ends on the same date as every class description since the inception of this litigation – May 1, 2013, *see* Dkt. No. 1. There has been no "extension" or "effort to extend." To the contrary, it is Defendants that seek to manipulate the class definition, and do so based on grounds prohibited by controlling Supreme Court precedent.

Defendants' assertion that only certain parts of the TAC remain "at issue," *see, e.g.,* Defs' Br. at 1-2, also misrepresents the record. This Court's Order of January 3, 2017 vacated entirely the prior order of dismissal and judgment, not just as to particular claims. *See* Dkt. No. 110; *see also* Dkt. No. 115. This Court did not strike any complaint allegations or limit the theories upon which Plaintiffs could proceed. *Id.* Nor would such a restriction make sense. The new evidence supporting Plaintiffs' motion to vacate addressed the full array of Plaintiffs' claims, including those addressing the scientific flaws in Defendants' first study, TIVO-1. *See, e.g.*, Dkt. No. 97 at 1 (new evidence showed that AVEO was warned that "the defective design of the TIVO-1 study made it difficult to tell whether tivozanib was 'toxic.'"); at 2 (new evidence showed that AVEO was warned "that TIVO-1, which had inconsistent results in its endpoints, did not satisfy FDA requirements for single-trial approval."); and Dkt. No. 103 at 3 (new evidence showed that "FDA did 'not seem moved' by Defendants' explanation of the overall survival problems in TIVO-1.").

---

[2] Defendants' "truth on the market" and loss causation arguments are also factually unsupportable, as Plaintiffs will address if reasserted at an appropriate procedural juncture.

After the Court vacated, in full, the prior dismissal and judgment, Defendants assented to the filing of the TAC. Although Defendants' concealment of an FDA recommendation for a second large-scale study was a substantial part of the TAC, the TAC also contained ***more than three dozen allegations*** addressing, in whole or in part, known but concealed deficiencies in the study that AVEO had completed, TIVO-1. *See* TAC, Dkt. No. 117 at ¶¶7, 10, 15-16, 63-64, 68-76. 89, 90, 93, 98, 104, 107, 115, 118, 121, 125, 128, 131, 136, 141, 157-164. Defendants did not move to dismiss or strike these claims, or any other part of the TAC. While Defendants may *prefer* not to face these allegations at trial, they remain an important part of this case.

## ARGUMENT

### I. Defendants do not dispute that Plaintiffs have provided credible evidence establishing each of the elements of Rules 23(a) and 23(b)(3).

Defendants do not dispute, and the evidence set forth in Plaintiffs' opening memorandum conclusively establishes, that the proposed class meets every single requirement for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Plaintiffs' motion should be granted on this basis alone. As discussed below, the single argument Defendants raise has nothing to do with the requirements for class certification under Rules 23(a) and 23(b)(3), and cannot be heard at the class certification stage.

### II. Defendants' truth-on-the-market/loss causation argument violates controlling Supreme Court precedent.

Rule 23, although requiring rigorous analysis of class certification requirements, "grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 568 U.S. at 466. The class certification proceeding must not become "a mini-trial on the merits." *In re PolyMedica Corp. Securities Litig.*, 432 F.3d 1, 16 (1st Cir. 2005). Merits questions "may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen*, 465 U.S. at 466. The

"office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the method best suited to adjudication of the controversy fairly and efficiently." *Id.* at 459 (internal quotations and brackets omitted).

The sole argument Defendants raise in their opposition brief is precisely the argument that the Supreme Court in *Amgen* held impermissible to address at class certification. Defendants contend that the concealed risks were already known by the market as of April 30, 2013, when the FDA published its briefing document, and therefore the class should be truncated to end on that date, rather than the May 1, 2013 ending date set forth in the TAC and Plaintiffs' class certification motion. Defendants' "objections regarding the Proposed Class Period relate to the Section 10(b) elements of loss causation and materiality — elements which need not be considered at the class certification phase." *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 107 (S.D.N.Y. 2016) (denying request to shorten class period).

Defendants' argument here is indistinguishable from that rejected by the Supreme Court in *Amgen*. In *Amgen*, the company contended that by the tail end of the class period, "the market was well aware of the truth regarding its alleged misrepresentations and omissions. . ." *Id.*, 568 U.S. at 464. Consistent with the rulings of the trial court and court of appeals, the Supreme Court held that such "truth-on-the-market" evidence went to the materiality of alleged misrepresentations, a merits issue unrelated to class certification. *Id.* at 465. Accordingly, evidence regarding whether and when the market became aware of the truth ***was properly excluded*** at class certification. *Id.* It must also be excluded here.

As *Amgen* emphasizes, materiality is a *common* issue, supporting a finding of predominance. Hundreds, if not thousands, of class members will be impacted by the determination of whether Defendants' misrepresentations and omissions remained material after April 30, 2013. "[J]ust as a plaintiff class's inability to prove materiality creates no risk that

5

individual questions will predominate, so even a definitive rebuttal on the issue of materiality would not undermine the predominance of questions common to the class." *Amgen*, 568 U.S. at 481. Therefore, certification of the proposed class advances the purposes of Rule 23. *Id.; see also Astrazeneca AB v. UFCW (In re Nexium Antitrust Litig.)*, 777 F.3d 9, 22 (1st Cir. 2015) (Rule 23 was intended to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated.") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)).

Defendants cannot escape *Amgen* by failing to cite its primary holding, or by artfully using words other than "materiality" or "truth-on-the-market." Defendants' attempt to describe the issue as a determination of whether the May 2, 2013 disclosures were "curative" or "corrective" of particular alleged misrepresentations runs directly into another Supreme Court prohibition. *See, e.g.*, Defs' Br. at 1 ("there can be no reasonable assertion that information gleaned from this meeting cured a disclosure defect"); at 2 ("Information from the ODAC meeting was not curative of any prior AVEO disclosure" and "cannot constitute curative disclosures"); at 2 ("the stock price drop on May 2 could not have been caused by information disclosed days earlier"); at 7 (speculating about "curative effect" of prior disclosures); at 9 ("the disclosures cured any omission before the market opened on April 30, 2013"); and at 10 (speculating that the "stock price drop after the ODAC meeting occurred because the market was disappointed with the outcome of the meeting, not because there were any corrective disclosures."). Under *Halliburton I*, such loss causation arguments can only be addressed on the merits, not at class certification. 563 U.S. at 813.

Courts since *Amgen* and *Halliburton I* have routinely rejected attempts at class certification to assess whether a disclosure was "corrective" or to parse the reason for a decline in stock price. For example, in *Hatamian v. Advanced Micro Devices, Inc.*, No.: 14-cv-00226 YGR, 2016 U.S.

Dist. LEXIS 34150, (N.D. Cal. Mar. 16, 2016), the court explained:

> Defendants attack the "fit" between an alleged corrective disclosure and a prior alleged fraudulent statement. ***This is nothing more than an attack on loss causation, or Plaintiffs' ability to "show that a misrepresentation that affected the integrity of the market price also caused a subsequent economic loss."*** *Halliburton I*, 131 S.Ct. at 2186 (emphasis in original). . . . ***These sorts of inquiries into loss causation are properly addressed by a fact-finder on the merits; Plaintiffs need not show loss causation as a condition of class certification***. See *Halliburton I*, 131 S.Ct. at 2186.

*Id.* at *27-28 (emphasis added). A similar argument was rejected in *Burges v. BancorpSouth, Inc.*, No. 3:14-cv-1564, 2017 U.S. Dist. LEXIS 97953 (M.D. Tenn. June 26, 2017): "Defendants assert that any decline in stock price after the corrective disclosure likely reflects other factors besides the corrective disclosure. Whether Defendants are correct, however, involves merits issues as to causation."

Other recent cases reach the same conclusion. In *Barrick Gold*, the court held that defendants' arguments for shortening the class period were impermissible whether characterized as involving materiality or loss causation. 314 F.R.D. at 107. The court in *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, Civ. No. 12-5275, 2015 U.S. Dist. LEXIS 115287, at *30-31 (D.N.J. Aug. 31, 2015) also rejected an argument concerning whether corrective disclosures caused a stock drop, holding that it "goes to loss causation, an issue inappropriate for consideration at class certification." Likewise, Defendants' contentions here about what did or did not cause AVEO shares to drop on May 1, 2013 is an argument about loss causation barred by *Halliburton I*. Plaintiffs are not required to prove loss causation at this stage, and Defendants' baseless challenges to loss causation cannot possibly bear on class certification.

### III. None of Defendants' cases support their effort to circumvent binding Supreme Court authority.

None of the cases cited in Defendants' response even remotely supports their attempts to circumvent *Amgen* and *Halliburton I*. Indeed, only one of those cases, *Hayes v. MagnaChip*

*Semiconductor, Inc.*, No. 14-cv-01160-JST, 2016 U.S. Dist. LEXIS 177787 (N.D. Cal. Dec. 22, 2016), was determined after *Amgen* and *Halliburton I*, and was decided on grounds entirely different than Defendants advance here.

*Hayes* involved misrepresentations in financial statements. On March 11, 2014, the defendant corporation expressly and unequivocally withdrew reliance on the financial statements in question, telling investors that the statements likely contained material misrepresentations and "should not be relied upon." *Id.* at *25-29. Quoting *Amgen,* the *Hayes* court reiterated that proof of arguments as advanced by Defendants here "that news of the truth credibly entered the market and dissipated the effects of prior misstatements. . . is a matter for trial." *Id.* at *28. However, it held that unique facts there presented a very different issue:

> nobody is arguing that the original misrepresentations were immaterial or that evidence of MagnaChip's misconduct had already entered the market when MagnaChip released its fraudulent financial reports between 2011 and early 2014. Instead, Avenue Capital has argued that [the March 11, 2014 withdrawal of reliance] made continued reliance on those financial reports unreasonable.

*Id.* at *28. *See also id.* at *27 ("The question is not . . . whether the March 2014 [withdrawal of reliance] was "fully corrective," . . . but whether it made further reliance on MagnaChip's earlier financial reports unreasonable."). Unlike the corporate defendant in *Hayes*, AVEO did not withdraw reliance on any of its prior Class Period misrepresentations, and did not concede the falsehoods alleged in the TAC until grilled by ODAC participants on May 2, 2013. To the extent Defendants seek a broader reading of *Hayes*, or assert that any of their other cases support construing the "curative effect" of disclosures at class certification, such arguments are conclusively foreclosed by *Amgen* and *Halliburton I*. *See* Section II, *supra*.[3]

---

[3] Moreover, many of the pre-*Amgen* and pre-*Halliburton I* cases Defendants cite indicate that even if loss causation and materiality remained permissible areas of inquiry at class certification (which they are not), truncation of the Class Period would be highly inappropriate under these facts. For example, *In re Corel Corp. Sec. Litig.*, 206 F.R.D. 533, 543 (E.D. Pa. 2002) held that the class

## CONCLUSION

For the reasons set forth in Plaintiffs' opening brief, the unrefuted Expert Report of Zachary Nye, Ph.D., and herein, Plaintiffs respectfully request that the Court issue an Order: (1) certifying this action pursuant to Rule 23 as a class action and certifying the Class defined in Plaintiffs' motion; (2) appointing the Plaintiffs as Class Representatives; (3) appointing Lead Counsel as Class Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

Dated:  August 28, 2017

Respectfully submitted,

*/s/ Adam M. Stewart*
Edward F. Haber (BBO #215620)
Adam M. Stewart (BBO #661090)
**SHAPIRO HABER & URMY LLP**
Seaport East
Two Seaport Lane
Boston, MA 02210
Tel. (617) 439-3939
Fax (617) 439-0134

**POMERANTZ LLP**
Patrick V. Dahlstrom, *pro hac vice*
Joshua B. Silverman, *pro hac vice*
Louis C. Ludwig, *pro hac vice*
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

---

period should not be shortened in the absence of a "clear and unequivocal" withdrawal of reliance on prior misrepresentations (which neither AVEO nor Corel had made).  Similarly, *In re Nature's Sunshine Prod.'s Inc. Sec. Litig.*, 251 F.R.D. 656, 666 (D. Utah 2008) stated that "[i]n order for a court to shorten a proposed class period at the certification stage in a securities case involving fraud on the market, the court must be able to rule, as a matter of law, that a curative disclosure had been made so as to render it unreasonable for an investor, or the market, to continue to be mislead by the defendants' alleged misrepresentations." (internal quotations omitted).  *Accord In re Fed. Nat. Mortg. Ass'n Sec., Derivative & ERISA Litig.*, 247 F.R.D. 32, 39-40 (D.D.C. 2008).  *Tice v. NovaStar Fin., Inc.*, No. 04-0330, 2004 U.S. Dist. LEXIS 16800 (W.D. Mo. Aug. 23, 2004), also cited by Defendants, did not even involve class certification.

**POMERANTZ LLP**
Marc I. Gross
Jeremy A. Lieberman, *pro hac vice*
600 Third Avenue, 20th Floor
New York, NY 10016
Tel. (212) 661-1100
Fax (212) 661-8665

*Counsel for Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on this August 28, 2017.

*/s/ Adam M. Stewart*_____
Adam M. Stewart