**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| In re AVEO Pharmaceuticals, Inc. Securities ) Litigation ) ) | |
| ) | No. 1:13-cv-11157-DJC |
| _____ ) | |
| ) | |
| This document relates to: All Actions ) | **CLASS ACTION** |
| ) | |
| ) | Hon. Denise J. Casper |
| _____ ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation"), dated January 29, 2018, is made and entered into by and among the Court-appointed Lead Plaintiffs and Class Representatives Robert Levine and William Windham (collectively, "Class Plaintiffs") and Defendants AVEO Pharmaceuticals, Inc. ("AVEO"), Tuan Ha-Ngoc, William Slichenmyer, and David Johnston (collectively, "Defendants"), by and through their respective counsel of record in the Litigation. Class Plaintiffs and the Defendants shall collectively be referred to as the "Parties." This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon the terms and subject to the conditions hereof, and subject to the approval of the Court.

**RECITALS**

WHEREAS, the following cases were commenced in the United States District Court for the District of Massachusetts, on or after May 9, 2013:

| | Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|---|
| 1. | *Sanders v. AVEO Pharmaceuticals, Inc.* | No. 1:13-11157 | 5/9/2013 |

1

| 2. | *Krause v. AVEO Pharmaceuticals, Inc.* | No. 1:13-11320 | 5/31/2013 |

WHEREAS, by an Order dated December 3, 2013, the above-captioned cases were consolidated for all purposes under the caption *In re AVEO Pharmaceuticals, Inc. Securities Litigation*, No. 1:13-11157 ("the Action"), Robert Levine and William Windham were appointed lead plaintiffs pursuant to the provisions of the Private Securities Litigation Act of 1995, and their selections of lead counsel, Pomerantz LLP, and liaison counsel, Shapiro Haber & Urmy, LLP, were approved;

WHEREAS, on February 3, 2014, Class Plaintiffs filed an Amended Complaint;

WHEREAS, on April 4, 2014, Defendants moved to dismiss the Amended Complaint, which motion the Court granted on March 20, 2015, after briefing and oral argument;

WHEREAS, on June 26, 2015, Class Plaintiffs were granted leave to file and did file a Second Amended Complaint;

WHEREAS, on July 17, 2015, Defendants moved to dismiss the Second Amended Complaint;

WHEREAS, on November 18, 2015, after briefing and oral argument, the Court granted Defendants' motion, dismissing the Second Amended Complaint with prejudice and dismissing this Action;

WHEREAS, on December 9, 2015, Class Plaintiffs filed a notice appealing the Court's dismissal to the United States Court of Appeals for the First Circuit;

WHEREAS, in February 2016, the Parties participated in a mediation before Judge King of the First Circuit's Office of Settlement, which was not successful in resolving this dispute;

WHEREAS, on April 4, 2016, Class Plaintiffs filed a motion in the District Court under Federal Rule of Civil Procedure 60(b) seeking to vacate the prior orders of dismissal based upon evidence that Class Plaintiffs contended was newly-discovered and likely to lead to a different

outcome;

WHEREAS, on May 10, 2016, the Court indicated that Class Plaintiffs had raised a colorable basis for vacating dismissal, and requested further briefing;

WHEREAS, by order dated January 3, 2017, as clarified by order dated January 31, 2017, the Court vacated its orders of dismissal;

WHEREAS, on February 2, 2017, Class Plaintiffs filed their Third Amended Complaint;

WHEREAS, the Parties thereafter engaged in extensive document and deposition discovery;

WHEREAS, on September 12, 2017 and September 13, 2017, the Parties participated in a two-day mediation session.  This mediation session did not successfully resolve the Parties' dispute;

WHEREAS, on October 23, 2017, the Parties participated in a mediation session focusing exclusively on this Action before John Van Winkle.  This mediation session also concluded without reaching resolution, but the parties continued to negotiate;

WHEREAS, on November 14, 2017, the Court granted Class Plaintiffs' motion for class certification, appointed Class Plaintiffs as the class representatives, and appointed their counsel, Pomerantz LLP, as class counsel;

WHEREAS, on December 26, 2017, the Parties executed a binding Memorandum of Understanding (the "MOU") settling this Action in its entirety;

WHEREAS, Class Plaintiffs believe that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Complaint, developed through its discovery to date, support their claims.  Additionally, Class Counsel has researched the applicable law with respect to the Class's claims and believe that they could successfully refute any defenses raised by Defendants.  Nonetheless, Class Plaintiffs and their counsel recognize and

acknowledge the expense and length of continued prosecution of the Action against Defendants through trial and any subsequent appeals.  Class Plaintiffs and their counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that it is desirable that the settlement as set forth in this Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Class Plaintiffs and their counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, Defendants deny and have not admitted any allegation of wrongdoing, fault, liability, or damage whatsoever.  Defendants have agreed to enter into this Stipulation to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims (as defined below) to rest, finally and forever.  Nothing in this Stipulation shall be construed as an admission by Defendants of any wrongdoing, fault, liability, or damages whatsoever.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between Class Plaintiffs and Defendants, by and through their undersigned counsel, that the Action and the Released Claims shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions hereafter set forth.

## I.    **DEFINITIONS**

To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below:

A.      "Authorized Claimant" means a member of the Class who submits a timely and valid Proof of Claim and Release form to the Settlement Administrator and whose proof of claim is not rejected.  Only those members of the Class filing valid and timely Proofs of Claim and Releases shall be entitled to receive any distributions from the Net Settlement Fund.

B.     "AVEO" means AVEO Pharmaceuticals, Inc.

C.     "Class" or "Class Member" means all persons or entities who purchased or acquired shares of AVEO common stock (ticker symbol AVEO) between May 16, 2012 and May 1, 2013, both dates inclusive.  Excluded from the Class are (1) Defendants and their immediate families, (2) any entity in which Defendants have or had a controlling interest, (3) current and former officers, directors and employees of AVEO, and (4) the legal representatives, heirs, successors, or assigns of any excluded party.

D.     "Class Counsel" means the law firm of Pomerantz LLP.

E.     "Class Period" means the period from May 16, 2012 through May 1, 2013, both dates inclusive.

F.     "Court" means the United States District Court for the District of Massachusetts.

G.     "Defendants" means AVEO, Tuan Ha-Ngoc, David Johnston, and William Slichenmyer.

H.     "Defendants' Counsel" means the law firm of Wilmer Cutler, Pickering, Hale and Dorr LLP.

I.     "Effective Date" means the first date by which all of the conditions to the Settlement specified in Section X.A of this Stipulation have been satisfied.

J.     "Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

K.     "Escrow Agent" means The Huntington National Bank.

L.     "Execution Date" means the last date upon which this Stipulation has been signed by all the signatories hereto through their counsel.

M.     "Final" as used herein with respect to the judgment means the date by which the judgment shall have been entered by the Court and either: (i) the time for appeal from the judgment

has expired with no appeal taken; or (ii) if the judgment is appealed, such appeal is dismissed or withdrawn, or the judgment has been affirmed in all material respects and is no longer subject to further appeal or other review.

N.     "Final Approval Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; whether an order approving the Settlement should be entered thereon; whether the Plan of Allocation of the Settlement Fund should be approved; and whether and in what amounts to award attorneys' fees and expenses to Class Counsel and reimbursement to Class Plaintiffs.

O.     "Gross Settlement Fund" means the Settlement Cash and Settlement Warrants defined herein and described in Section II (or any proceeds therefrom), plus all interest earned thereon.

P.     "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

Q.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) attorneys' fees and expenses; (ii) taxes and tax expenses; (iii) Notice and Administration Expenses; and (iv) reimbursement awards to Class Plaintiffs, if any.

R.     "Notice and Administration Account" means the interest-bearing account to be established and maintained by the Settlement Administrator from the Gross Settlement Fund.

S.     "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the Settlement administration, and shall include, among other things, the cost of publishing Summary Notice (as defined in Section V.A below) on a national business internet wire service; printing and mailing the Mailed Notice (as defined in Section V.A, below),

as directed by the Court; and the cost of processing proofs of claim and distributing the Net Settlement Fund to Class Members who timely submit a valid Proof of Claim and Release.

T.      "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

U.      "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

V.      "Plaintiffs" mean all Class Members.

W.      "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

X.      "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached as Exhibit 2 to Exhibit A (Exhibit A-2).

Y.      "Released Parties" means Defendants, their present and former officers, directors, employees, agents, attorneys, auditors, insurers and reinsurers, and the representatives, successors and assigns of the foregoing.

Z.      "Released Claims" means all direct, representative, individual or class claims, causes or action, or liability whatsoever, whether known or unknown, pleaded or unpleaded, suspected or unsuspected, for compensatory, punitive or other damages or any other relief (monetary, injunctive or otherwise) which were or might have been brought by or on behalf of any member of the Class in the Action or in the complaints filed in the Action, including all claims

arising from any disclosure or disclosure omission by or on behalf of the Released Parties during the Class Period, except claims to enforce the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Class Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, Unknown Claims as defined herein under California Civil Code § 1542.

AA.     "Settlement" means the settlement contemplated by this Stipulation.

BB.     "Settlement Administrator" means Epiq Class Actions and Claims Solutions, which shall administer the Settlement.

CC.     "Settlement Amount" means (a) fifteen million U.S. Dollars in cash ($15,000,000) ("Settlement Cash") and (b) warrants to purchase 2 million shares of AVEO common stock to be issued in accordance with the provisions contained in Section II ("Settlement Warrants").

DD.     "Settlement Fund" means the payments to be made in accordance with Section II of this Stipulation.

EE.     "Supplemental Agreement" means the agreement executed by Class Counsel and Defendants' Counsel simultaneously herewith and described in Section X.H of this Stipulation.

FF.     "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Class Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Class Plaintiffs shall expressly waive, and each of the Class Members shall be

deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## II.     The Settlement Consideration

A.      Within fifteen (15) business days after both of the following occur (1) the Court grants preliminary approval of settlement and (2) Defendants' counsel receives payment instructions and an IRS Form W-9, certain of Defendants' insurers shall wire the Settlement Cash to the Escrow Account maintained by the Escrow Agent on behalf of Class Plaintiffs and the Class. AVEO shall use its best efforts to cause the insurers to make timely payment by wire as set forth above.

B.      AVEO shall issue and deliver Settlement Warrants for the purchase of 2,000,000 shares of AVEO common stock exercisable from the date of issue until the expiration of a one-year period after the date of issue at a price equal to the closing price on December 22, 2017, the reference date agreed upon by the Parties, which was $3.00.

1.      AVEO shall use its best efforts to issue and deliver the Settlement Warrants, as directed by Class Counsel, within ten (10) business days following the Effective Date.

2.      The number and exercise price of the Settlement Warrants is subject to adjustment for any stock split between the date hereof and the date of exercise.  In the event of a sale of AVEO or a recapitalization, reorganization, change of control, or similar transaction between the date hereof and the date of exercise, the Settlement Warrants will become exerciseable solely for the kind and amount of consideration the holders would have received in such transaction if they had exercised such warrants immediately prior to

such transaction.

3.      The common stock to be issued upon exercise of the Settlement Warrants, when issued in accordance with the terms of such Settlement Warrants and the warrant agreement, shall be duly and validly issued, fully paid, and non-assessable.  Promptly following the issuance of the Settlement Warrants, AVEO will file an S-3 registration statement with the SEC to register the resale of the Settlement Warrants and the underlying shares of common stock.  AVEO shall use commercially reasonable efforts to have the S-3 registration statement declared effective and maintain the effectiveness of the S-3 registration statement and the listing of AVEO's common stock on NASDAQ.  AVEO will comply in all material respects with state and federal securities law requirements applicable to the issuance of the Settlement Warrants, and shall be responsible for the costs and expenses incurred as a result of such compliance.  AVEO shall be responsible for any costs associated with registration, printing or qualification of the Settlement Warrants (and any shares issued upon exercise of the Settlement Warrants), but shall not have any obligation for any costs associated with distribution of the Settlement Warrants (*e.g.*, postage).

4.      Except as provided in Section XII.K, Defendants and their insurers will not be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Class Member or Class Counsel.

## III.   **The Escrow Account**

A.      The Escrow Account, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) attorneys' fees and expenses; (ii) taxes and tax expenses;

(iii) Notice and Administration Expenses, and (iv) reimbursement awards to Class Plaintiffs.  The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Class Plaintiffs and Class Members shall look solely to the Net Settlement Fund for payment and satisfaction of any and all Released Claims.

B.      All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to an order of the Court.

C.      Escrow Agent shall invest the Settlement Cash exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.      Prior to the Effective Date, the Escrow Agent shall not disburse the Gross Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of counsel for Defendants and Class Counsel.

E.      After the Effective Date, Defendants shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund.

F.      The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

G.      AVEO, its insurers, and the Settling Individual Defendants shall have no liability for any losses arising from (a) the investment of any portion of the Settlement Fund other than in

accordance with this Stipulation, or (b) the disbursement of any portion of the Gross Settlement Fund other than in accordance with this Stipulation.

## IV.   The Notice and Administration Account

A.   The Settlement Administrator shall establish and administer the Notice and Administration Account.  The Notice and Administration Account shall be established using funds in the Gross Settlement Fund and shall be used only for the payment of necessary and reasonable Notice and Administration Expenses.

B.   The Escrow Agent is authorized to transfer up to $250,000 from the Gross Settlement Fund to the Notice and Administration Account for Notice and Administration Expenses without further approval.  No further amounts may be transferred prior to final approval except by Court order.

C.   Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel shall not bear any liability for notice costs.

## V.   Order for Notice and Hearing

A.   The Parties shall submit this Stipulation together with its exhibits to the Court, and Class Plaintiffs shall apply for entry of an Order for Notice and Hearing substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, and final approval of forms of notice to be mailed to all potential Settlement Class Members who can be identified with reasonable effort (the "Mailed Notice") and to be published (the "Summary Notice"), substantially in the forms and contents of Exhibits A-1 and A-3 hereto, respectively.  The Mailed Notice shall include a proof of claim, substantially in the form of Exhibit A-2 attached hereto (the "Proof of Claim and Release"), the general terms of the Settlement set forth in the Stipulation, and shall set forth the procedure by which Persons who otherwise would be members of the Settlement Class may request to be

excluded from the Settlement Class.

B.      The Parties shall request that, after the Mailed Notice and Summary Notice have been mailed and published, respectively, in accordance with this Stipulation, the Court hold the Final Approval Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

## VI.      **Final Judgment Approving the Settlement**

At the Final Approval Hearing, the Parties shall jointly request entry of the Judgment as defined herein.

## VII.     **Attorneys' Fees And Expenses**

A.      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Class Counsel and liaison counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court.  Class Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

B.      Immediately after the Court enters an order awarding fees and expenses ("Fee Award"), the cash amounts awarded by the Court shall be released from escrow and wired as directed to Class Counsel.  Any warrants awarded in the Fee Award shall be delivered as directed by Class Counsel upon issuance as set forth in Section II.  These payments shall be subject to Class Counsel's obligation to make appropriate refund or repayment within thirty (30) days of the date that any condition to establishing the Effective Date has not occurred and shall not occur, or if the Court or any appellate court enters an order reversing or reducing any award of attorneys' fees or litigation expenses.

C.     The procedure for and allowance or disallowance by the Court of any application for attorneys' fees and expenses are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.     Except as provided in Section II, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Class Counsel or any other Plaintiffs' counsel and/or any other Person who receives payment from the Settlement Fund.

E.     Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee Award that the Court may make in the Action.

F.     Class Counsel may apply to the Court to authorize the payment of a Compensatory Award (the "Compensatory Award Application") for the time and expenses expended by Class Plaintiffs in assisting Class Counsel in the litigation of this Action.  Any Compensatory Award to Class Plaintiffs shall be payable five (5) days after the Effective Date, in cash, and from the Settlement Fund only.

G.     The procedure for, and allowance or disallowance by the Court of the Compensatory Award Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order of or

14

proceeding relating to the Compensatory Award Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

## VIII.   Administration and Calculation of Claims, Final Awards and Distribution of Net Settlement Fund

A.      Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim and Release.

B.      All Proofs of Claim and Releases must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim and Release within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Final Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.      The Settlement Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.      Each Proof of Claim and Release shall be submitted to the Settlement Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel, for approval by the Court, the extent, if any, to which each claim

shall be allowed, subject to appeal to the Court.

E.      The Settlement Administrator shall administer and calculate the claims submitted by the members of the Class, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Class Counsel, its designees or agents, Class Plaintiffs, Defendants' counsel, nor the Defendants shall have any liability arising out of such determination.

F.      The administrative determination of the Settlement Administrator accepting and rejecting claims shall be presented to the Court, on notice to the Defendants' counsel, for approval by the Court.

G.      Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Settlement Administrator.

H.      The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with the following:

1.      Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

2.      No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

3.      Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

4.      Except as otherwise ordered by the Court, all Class Members who fail

timely to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment.

5.      All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Mailed Notice (as defined in Section V.A, above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

I.      Neither the Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

J.      This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants or the Insurer.  Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of taxes or tax expenses, or any losses incurred in connection therewith.  No Person shall have any claims against

Class Counsel, the Settlement Administrator, or any other agent designated by Class Counsel based on distribution determinations or claim rejections made substantially in accordancewith this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Class Counsel shall have the right, but not the obligation, to waive what they deem to beformal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

K.      The Defendants shall have no involvement in the solicitation or review of Proofs of Claim and Releases, or involvement in the administration process, which will be conducted by the Settlement Administrator in accordance with this Stipulation.

L.      It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to a Class Member's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court in connection with the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

M.      No Person shall have any claim against Class Plaintiffs or Class Counsel, the Settlement Administrator, Defendants or Defendants' Counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

IX.     **Tax Treatment**

A.      The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §

1.468B-1 for all periods on and after the date of the Court order preliminarily approving this Stipulation.  The Parties, their counsel, the Court and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.  In addition, the Settlement Administrator, Escrow Agent, and as necessary, the Defendants, shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1), and timely and properly paying any taxes imposed on the Escrow Account.  Such returns and Statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in IX.C hereof.

19

C.      All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account.  Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)).  All Parties and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of paragraphs A-C of this Section.

D.      The Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account.  In the event this Stipulation is canceled or terminated and funds from the Settlement Account are returned, AVEO shall be responsible for the payment of taxes (including any interest or penalties), if any, accrued but not yet paid from the Settlement Account.

## X.      Settlement Conditions and Termination

A.      This Stipulation shall be subject to the following conditions and, except as provided herein, shall be canceled and terminated unless:

1.      Counsel for all Persons listed on the signature pages of this Stipulation have executed this Stipulation;

2.      The Court enters the Order for Notice and Hearing, as provided in Section V;

3.      AVEO's insurers shall have timely delivered  the Settlement Cash;

4.      AVEO shall have timely delivered the Settlement Warrants;

5.      The Court has approved the Settlement as described herein following notice

to the Settlement Class, and has entered the Judgment, as provided in Section VI;

6.    The time within which AVEO may exercise its option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement shall have expired without the exercise of that option; and

7.    The Judgment has become Final.

B.    Upon the Effective Date, Class Plaintiffs and the Class Members, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against any of the Released Parties directly, indirectly or in any other capacity, whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release to the Settlement Administrator.  Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Class Plaintiffs, Class Members or Class Counsel related to the prosecution of this Action or transactions at issue in this Action.

C.    If all of the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

D.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, then the Gross Settlement Fund and all interest earned on the Gross Settlement Fund while held in escrow (less Notice and Administration Expenses paid or incurred), plus any amount then

remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), shall be refunded by the Settlement Administrator and/or the Escrow Agent as directed by Defendants' Counsel within thirty (30) days of such cancellation or termination.

E.      Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Settlement Administrator and/or the Escrow Agent to return funds from the Gross Settlement Fund to AVEO pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective status as of December 22, 2017, counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.  Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: this Section X.F; Section X.C; Section XI; and, to the extent applicable, Section XII.

G.      No order of the Court concerning the Plan of Allocation or the Fee and Expense Application or modification or reversal on appeal of any such order shall constitute grounds for cancellation or termination of the Stipulation.

H.      Notwithstanding any other provision, section, or paragraph in this Stipulation, AVEO may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in its sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out

threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.   Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

## XI.   No Admissions

A.     The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry in this Settlement shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim or defense or any allegation made in the Action.

B.     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing or liability of any of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other  tribunal; or (c) is or may be deemed to be or may be used as an admission or evidence that Class Plaintiffs and the Class Members would have received less than the Settlement Amount had the Action been prosecuted to conclusion.   Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that any of the Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23

**XII.**   **Miscellaneous Provisions**

A.     Within forty-five (45) days after the Effective Date, and subject to commercially reasonable efforts, all designated Confidential Information and copies thereof, shall at each person's own option either be returned to counsel for the Disclosing Party or destroyed, with the Receiving Party certifying such destruction, unless the Confidential Information has been offered into evidence or filed without restriction as to disclosure.  The Receiving Party shall not be required to locate, isolate, or destroy/return emails generated in connection with legal representation in this Action (including attachments to emails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or exhibits or draft or final expert reports.  Nothing in this paragraph requires any party, its counsel, or their respective consultants, vendors or other affiliates, to delete or destroy data which may reside on one or more backup tapes or other media maintained for the purpose of disaster recovery, business continuity or other reasons, or requires more than reasonable and practical actions to locate, identify, or destroy any other electronic data.

B.     Notwithstanding the requirements of paragraph A of this Section, counsel may retain (1) attorney work product, including an index that refers or relates to Confidential Information; (2) deposition transcripts and draft or final expert reports, including exhibits thereto; and (3) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under the Confidentiality Protective Order entered by the Court (Dkt. No. 127).  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

C.     The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise

24

their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

D.      All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

E.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

F.      This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

G.      This Stipulation, exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiffs on the one hand, and Defendants on the other hand, and supersede any and all prior agreements, written or oral, between the Parties.  No representations, warranties or inducements have been made concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

H.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

I.      This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto.  No assignment shall relieve any Party hereto of obligations hereunder.

J.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of Massachusetts without regard to its

conflicts of law rules and in accordance with the laws of the United States.

K.     Any disputes between the undersigned Parties arising out of implementing the Stipulation of Settlement or the Settlement itself shall be resolved by the mediator John Van Winkle in his sole discretion, first by way of mediation and if unsuccessful by way of final binding non-appealable arbitration.  In the event of arbitration with respect to the Stipulation of Settlement, the prevailing Party shall be entitled to fees and costs..

L.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Released Claims, and any potential counterclaims Defendants and Released Parties could have asserted against Class Plaintiffs, Class Members and their attorneys with respect to the allegations and prosecution of this Action.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Class Plaintiffs or Class Counsel, or defended by Defendants, or their counsel, in bad faith or without a reasonable basis.  The Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, John Van Winkle.

M.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

N.     AVEO shall obtain and deliver to Class Counsel no later than five (5) days after

preliminary approval the names and addresses of purchasers of its common stock during the Class

Period, as set forth in the records of its transfer agent.

      O.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

      P.     The headings herein are used for the purpose of convenience and are not intended

to have legal effect.

      Q.     Notices required or permitted by this Stipulation shall be submitted either by

overnight mail or in person as follows:

| **Notice to Plaintiffs:** | **Notice to Defendants:** |
|---|---|
| Joshua B. Silverman<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603 | William Paine<br>WILMER CUTLER PICKERING HALE<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109 |

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

CLASS PLAINTIFFS ROBERT LEVINE
AND WILLIAM WINDHAM

DEFENDANTS AVEO
PHARMACEUTICALS, INC., TUAN
HA-NGOC, DAVID JOHNSTON, AND
WILLIAM SLICHENMYER

By: _____

By: _____

Patrick V. Dahlstrom
Joshua B. Silverman
Louis C. Ludwig
POMERANTZ LLP
10 South LaSalle St., Suite 3505
Chicago, IL 60603
Tel. (312) 377-1181
pdahlstrom@pomlaw.com
jbsilverman@pomlaw.com
lcludwig@pomlaw.com

*Class Counsel*

Edward F. Haber (BBO#215620)
Adam M. Stewart (BBO #661090)
SHAPIRO HABER & URMY LLP
Seaport East
Two Seaport Lane
Boston, MA 02109
Te.. (617) 439-3939
ehaber@shulaw.com
astewart@shulaw.com

*Liason Counsel*

*Counsel for Class Plaintiffs Robert
Levine and William Windham*

William Paine (BBO #550506)
Michael G. Bongiorno (BBO #545202)
Eric D. Wolkoff (BBO #679566)
Jessica R. Lisak (BBO #680207)
WILMER CUTLER PICKERING HALE
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
Fax (617)526-5000
william.paine@wilmerhale.com
michael.bongiorno@wilmerhale.com
eric.wolkoff@wilmerhale.com
jessica.lisak@wilmerhale.com

*Counsel for Defendants AVEO
Pharmaceuticals, Inc., Tuan Ha-Ngoc,
David Johnston, and William Slichenmyer*

28

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: AVEO Pharmaceuticals, Inc. Securities Litigation | ) Civ. A. No. 1:13-cv-11157-DJC<br>)<br>) <u>CLASS ACTION</u><br>)<br>) |
| This Document Relates To<br>ALL CASES | ) Hon. Denise J. Casper<br>)<br>)<br>)<br>) |

## **[PROPOSED] ORDER FOR NOTICE AND HEARING**

The Court having reviewed and considered Class Plaintiffs Robert Levine and William Windham's Assented-to Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1.      The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below.

2.      Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Stipulation.   The Court concludes that the Settlement is

1

sufficiently within the range of reasonableness to warrant the dissemination of Notice to Class Members, as provided for in this Order.

3.      The Court orders the stay of the litigation pending in this Court and enjoins the initiation of any new litigation by any Class Member in any court, arbitration or other tribunal that includes any Released Claims (as defined in the Stipulation) against Defendant or any of the Released Persons.

**Form and Timing of Notice**

4.      The Court approves the form, substance and requirements of (a) the Notice; (b) the Proof of Claim; and (c) the Summary Notice, substantially in the forms attached to the Stipulation as Exhibits A-1, A-2 and A-3, respectively. The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in this Order: (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Class and of their right to appear at the Final Approval Hearing; (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Litigation Securities Reform Act of 1995, and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

5.      Class Counsel is hereby authorized to retain the firm of Epiq Class Action & Claims Solutions as Settlement Administrator to supervise and administer the notice and claims procedures.

6.      The Court approves the establishment of a Notice and Administration Account and hereby authorizes the transfer of up to $250,000 from the Settlement Fund to the Notice and

Administration Account.  As set forth in the Stipulation, the Notice and Administration Account shall be used for the purpose of paying the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Settlement Administrator in connection with the administration and notice of the Settlement, including the costs of providing notice as specified in this Order. The Court authorizes payment out of the Settlement Fund of all taxes and tax expenses described in paragraph IX.C of the Stipulation.

7.      As soon as practicable after entry of this Order, but no later than twenty (20) days of the entry of the Order of Preliminary Approval, the designated Settlement Administrator shall cause a copy of the Notice and Proof of Claim substantially in the forms of Exhibits A-1 and A-2 to the Stipulation, to be mailed by first-class United States mail, postage pre-paid, to each Class Member who has been or that may be identified by reasonable efforts, including the nominee procedures set forth herein.

8.      The Settlement Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased AVEO common stock during the Class Period as record owners but not beneficial owners.  Pursuant to the Notice, each nominee shall either (a) send the Notice and Proof of Claim to Class Members for which they act as nominee by first-class United States mail within seven (7) days after the nominee receives the Notice; or (b) send a list of names and addresses of such beneficial owners to the Settlement Administrator within seven (7) days after the nominee receives the Notice, and in the event of the latter, the Settlement Administrator shall promptly send by first-class United States mail the Notice and Proof of Claim to all Class Members on the list received from the nominee.  The Settlement Administrator shall, if requested, reimburse nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, provided that such expenses would not have been incurred except for the sending of such Notice,

3

subject to further order of this Court with respect to any dispute concerning reimbursement.

9.      At approximately ten (10) days and again at approximately twenty (20) days after mailed Notice is sent**,** Class Counsel shall also cause a Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form of Exhibit A-3 to the Stipulation, to be published on national business newswire.  Class Counsel shall file with the Court no later than seven (7) days prior to the Final Approval Hearing an affidavit or declaration confirming that Notice has been provided as set forth in this Order and that Summary Notice has been published as set forth in this Order.

10.     Defendants shall each file the notices described by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time periods set forth in that statute.

11.     Any Class Member who wishes to participate in the Settlement Fund must complete and submit a valid Proof of Claim to the address indicated in the Notice, postmarked on or before the date specified in the Notice.  To be valid, a Proof of Claim must: (a) be complete in a manner that permits the Settlement Administrator to determine the eligibility of the claim and comply with the instructions of the Proof of Claim and Notice; (b) include the release by the claimant of all Released Persons as set forth in the Stipulation; (c) be signed with an affirmation (notarization not required) that the information is true and correct; and (d) be sent to the Court-appointed Settlement Administrator postmarked on or before the date specific on the Proof of Claim..  All Class Members that do not submit valid and timely Proofs of Claim or that do not submit valid and timely Requests for Exclusion as provided in paragraph 12 of this Order will be forever barred from receiving payment from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including the Releases and Judgment provided for therein.

4

**Request For Exclusion**

12.     Any Class Member may request exclusion from the Class and this Action in the manner and with the consequences described herein, providing that all such Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline").  Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, and phone number of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving AVEO common stock between May 16, 2012 and May 1, 2013, both dates inclusive, and shall include the number of shares, principal amount and trade date of each purchase and sale.  The request for exclusion must also be signed to verify the accuracy of the information submitted.

> Settlement Administrator:
>
> *AVEO Securities Litigation Claims Administration*
> PO Box 5110
> Portland, OR 97208-5110

13.     Class Counsel, in conjunction with the Settlement Administrator, shall file with the Court no later than seven (7) days prior to the Final Approval Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

14.     Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the Stipulation.

15.     Any Class Member that files a timely and complete Request for Exclusion from this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

**Final Approval Hearing; Right to Appear and Object**

16.     A Final Approval Hearing  shall take place before the undersigned, United States District Judge Denise J. Casper, Courtroom 11, John Joseph Moakley U.S. Courthouse, 1 Courthouse                     Way,                     Suite                     2300

Boston, Massachusetts 02210 on _____, 2018, at ____:__.m.,

[approximately 105 days after preliminary approval] to determine:

    a.  Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    b.  Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

    c.  Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

    d.  Whether the Action should be dismissed on the merits and with prejudice against the Defendants as set forth in the Stipulation;

    e.  Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

    f.  Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

    g.  Such other matters as the Court may deem necessary or appropriate.

17.    The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.  The Court may approve the Settlement and enter the Judgment regardless of whether it has approved the Fee and Expense Application, any request for a reimbursement award, and/or the Plan of Allocation.

18.    The Court reserves the right to adjourn the Final Approval Hearing, including the consideration of all matters referenced in paragraph 16 above, without further notice to Class Members except public notice via the court docket on PACER.

19.    Class Counsel shall file opening papers in support of final approval of the Stipulation and Settlement, and any motion for an award of attorneys' fees and reimbursement of

expenses, or a reimbursement award to Class Plaintiffs, no later than twenty-one (21) days prior to the Final Approval Hearing.

20.     Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt-Out/Objection Deadline, such person:

a.     Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Final Approval Hearing; _and_

b.     Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel _and_ the Court by the Opt-Out/Objection Deadline:

| For Class Counsel: | For Defendants' Counsel: |
|---|---|
| Joshua B. Silverman | William Paine |
| Pomerantz LLP | WilmerHale LLP |
| Ten South La Salle St., Ste. 3505 | 60 State St. |
| Chicago, IL 60603 | Boston, MA  02109 |

Court:
Clerk of the Court
United States District Court for  the
District  of  Massachusetts,  John
Joseph Moakley U.S. Courthouse, 1
Courthouse   Way,   Suite   2300
Boston, Massachusetts 02210

21.     Class Counsel shall file any reply papers in further support of the Stipulation and Settlement, or any motion for an award of attorneys' fees and reimbursement of expenses no later

than seven (7) days prior to the Final Approval Hearing.

**<u>Other Provisions</u>**

22.     Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Plaintiffs, Class Counsel, any Class Members, Defendants, the Released Persons (as defined in the Stipulation), or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Plaintiffs, or any Class Members or any person has or has not suffered any damage.

23.     In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

**SO ORDERED** in the District of Massachusetts on _____, 2018.

_____

UNITED STATES DISTRICT JUDGE
DENISE J. CASPER

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

In re AVEO Pharmaceuticals, Inc. Securities )
Litigation )

_____)

This document relates to: All Actions

_____)

)
)
)
)    No. 1:13-cv-11157-DJC
)
)
)    <u>CLASS ACTION</u>
)
)    **Hon. Denise J. Casper**
)

### <u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION</u>

**TO:**    **ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED SHARES OF AVEO PHARMACEUTICALS, INC. ("AVEO") BETWEEN MAY 16, 2012 AND MAY 1, 2013, BOTH DATES INCLUSIVE ("THE CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE FROM THE SETTLEMENT, WHICH MAY BE AFFECTED WHETHER YOU DO OR DO NOT ACT. A FEDERAL COURT APPROVED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court, District of Massachusetts (the "Court") in *In re AVEO Securities Litigation*, No. 1:13-cv-11157 (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action. If approved by the Court, the Settlement will provide for $15 million cash and 2 million warrants to be issued after final approval of this Settlement, with a one-year term and a $3.00 strike price (the closing price the day before the Parties agreed to this Settlement). Your recovery will depend on the number of shares of AVEO common stock you, and other Class Members who file claims, purchased and sold and the prices at which you, and the other Class Members who file claims, purchased and sold those shares. Plaintiffs estimate there were approximately 24.03 million shares of AVEO common stock traded during the Class Period that may have been damaged. The estimated average recovery will have an economic value of approximately $0.7501 per share, before deduction of Court approved fees and expenses and costs of notice and claims administration, based on Plaintiffs' estimated value of the warrant component of the Settlement at $1.5213 per warrant (as of January 31, 2018). The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE:** The parties vigorously disagree on both liability and damages, and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged. No trial has taken place, and no trier of fact has ruled on any claim or defense in this Action. Prior to this Settlement, this Action was set for trial to begin on June 5, 2018. The Defendants continue to deny that they are liable to the

1

Plaintiffs or the Class and deny that Plaintiffs or the Class have suffered any damages, and the Settlement is not any admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate to, and in the best interests of, the Class.  Plaintiffs and their counsel have reached this conclusion after investigating and considering, among other things, the amount of the Settlement, the strengths and weaknesses of Plaintiffs' claims against Defendants, the uncertainties of trial and appeal, and the concrete benefits provided by the Settlement to the members of the Class. The Settlement was entered into after extensive mediation proceedings.

Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to settle provided that all of the claims of the Class are settled and compromised, in order to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action.

**ATTORNEYS FEES AND COSTS SOUGHT**: Class Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiffs and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures.  If the Settlement is approved by the Court, Class Counsel may apply to the Court for attorneys' fees not to exceed 30% of the Settlement Amount, and reimbursement of expenses not to exceed $400,000.00. If that amount is approved by the Court, the average cost would be $0.2417 per share for each of the 24.03 million estimated damaged shares.  In addition, a Compensatory Award for the time and expenses incurred by Class Plaintiffs will be sought, not to exceed $5,000 each.

**IDENTIFICATION OF PLAINTIFFS' COUNSEL:** Requests for further information regarding the Action and this Notice may be directed to Class Counsel: Joshua B. Silverman, Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, IL 60603, jbsilverman@pomlaw.com.  **Do not contact the court.**

**DEFINED TERMS**:  All capitalized terms not specifically defined in this Notice shall have the same meaning as provided in the Stipulation of Settlement.

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## I.   IDENTIFICATION OF THE CLASS

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All persons or entities who purchased or acquired shares of AVEO common stock (ticker symbol AVEO) between May 16, 2012 and May 1, 2013, both dates inclusive. Excluded from the Class are (1) Defendants and their immediate families, (2) any entity in which Defendants have or had a controlling interest, (3) current and former officers, directors and employees of AVEO, and (4) the legal representatives, heirs, successors, or assigns of any excluded party.

If you are a member of the Class, you have the following options in this Settlement:

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE NO LATER THAN _____ __, 2018** | The only way to get a payment, if you are eligible. You will release claims against the Defendants and others.  *See* Section VII. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, 2018** | Get no payment.  This is the only option that allows you to be part of any other lawsuit against Defendants with respect to the claims in this case.  *See* Section IV. |
| **OBJECT NO LATER THAN _____ __, 2018** | Write to the Court about why you object to the Settlement.  *See* Section VI. |
| **GO TO A HEARING ON _____ __, 2018** | Ask to speak in Court about the fairness of the Settlement.  *See* Section VI. |
| **DO NOTHING** | Get no payment.  You will still release claims against Defendants and others.  If you do not want to release claims you must file an exclusion. |

## II.     DESCRIPTION OF THE ACTION

**Summary of the Action**

This Action arises out of a securities fraud class action first filed against AVEO and three of its former officers, Tuan Ha-Ngoc, William Slichenmyer, and David Johnston on May 9, 2013 alleging violations of law under Sections 10(b) (and Rule 10b-5 promulgated thereunder) and 20(a) of the Securities Exchange Act of 1934.

On February 3, 2014, Class Plaintiffs Robert Levine and William Windham filed an Amended Complaint, that Defendants moved to dismiss and that was dismissed on March 20, 2015.  On June 26, 2015, Class Plaintiffs filed a Second Amended Complaint, which Defendants moved to dismiss and that was dismissed with prejudice on November 18, 2015.  On December 9, 2015, Class Plaintiffs filed a notice of appeal with the United States Court of Appeals for the First Circuit.

On April 4, 2016, Class Plaintiffs filed a motion in the District Court under Federal Rule of Civil Procedure 60(b) seeking to vacate dismissal of this Action based upon evidence that Class Plaintiffs contended was newly-discovered and likely to lead to a different outcome.  By order dated January 3, 2017, as clarified by order dated January 31, 2017, the Court granted this motion and vacated dismissal. On February 2, 2017, Class Plaintiffs filed their Third Amended Complaint.  Thereafter, the Parties engaged in extensive document and deposition discovery.  Fact discovery closed August 13, 2017.

On November 14, 2017, the Court granted class certification, appointed Class Plaintiffs as the class representatives, and appointed their counsel, Pomerantz LLP, as Class Counsel.

**Events that Led to Settlement**

In February 2016, the Parties participated in an in-person mediation session before Judge King, settlement officer of the United States Court of Appeals for the First Circuit, which was unsuccessful.  On September 12 and 13, 2017, the Parties participated in a two-day mediation session before Magistrate Judge Judge Bowler of the United States District Court for the District of Massachussets, which was also unsuccessful.  On October 23, 2017, the Parties participated in a mediation session before John Van Winkle, Esq., in which the Parties made significant progress but failed to resolve their dispute.  Negotiations continued over the proceeding months, culminating in a mediator's proposal which was accepted by both sides, resulting in this Settlement.  On December 26, 2017, the Parties signed a Memorandum of Understanding reflecting their agreement in principle to settle this Action.  On December 27, 2017, the Parties jointly proposed that the Court stay all pending deadlines.

**The Parties' Positions Concerning Settlement**

Class Counsel continue to believe that the claims against the Defendants in this Action have merit and that the evidence developed in discovery would support their claims at trial. However, they recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the defenses asserted by Defendants.  In light of the foregoing, Class Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on the evaluation and recommendation of Class Counsel, Class Plaintiffs have determined that the Settlement is in the best interests of the Class.

Defendants deny and have not admitted any allegation of wrongdoing, fault, liability, or damage whatsoever.  Defendants have agreed to enter into the Settlement to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest, finally and forever.

## III.    PLAN OF ALLOCATION

The $15,000,000 settlement cash and 2 million Settlement Warrants, together with any interest earned thereon and/or proceeds thereof shall be the Settlement Fund.  The Settlement is subject to Court approval.  The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Proofs of Claim ("Authorized Claimants").

The Settlement Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."   The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation takes into consideration the Limitation on Damages provision of the PSLRA, 15 U.S.C. § 78u-4(e), the advice of Plaintiffs' experts, and the principles of economic

loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).  For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1) There is no Recognized Loss for shares purchased prior to May 16, 2012.

2) For shares purchased between May 16, 2012 and August 1, 2012, inclusive,

   a) that were subsequently sold prior to August 2, 2012, the Recognized Loss per share is $0.00.

   b) that were subsequently sold between August 2, 2012 through April 29, 2013, inclusive, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) $3.40.

   c) that were subsequently sold on April 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) $5.71.

   d) that were subsequently sold on May 1, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) $5.42.

   e) that were subsequently sold on May 2, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $8.08; or (iii) the purchase price minus $2.65.

   f) that were subsequently sold between May 3, 2013 and July 30, 2013, inclusive, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $8.22; or (iii) the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition as provided in Table 1 below.

   g) that were still held as of the close of trading July 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $8.22; or (iii) the purchase price minus the average closing price of AVEO common stock during the 90-day period following the Class Period, which is $2.57.

3) For shares purchased between August 2, 2012 through April 29, 2013, inclusive,

   a) that were subsequently sold prior to April 30, 2013, the Recognized Loss per share is $0.00.

   b) that were subsequently sold on April 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) $2.31.

   c) that were subsequently sold on May 1, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; or (ii) $2.02.

   d) that were subsequently sold on May 2, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $4.68; or (iii) the purchase price minus $2.65.

5

e) that were subsequently sold between May 3, 2013 and July 30, 2013, inclusive, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $4.82; or (iii) the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition as provided in Table 1 below.

f) that were still held as of the close of trading July 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $4.82; or (iii) the purchase price minus the average closing price of AVEO common stock during the 90-day period following the Class Period, which is $2.57.

4) For shares purchased on April 30, 2013,

a) that were subsequently sold on April 30, 2013 or May 1, 2013, the Recognized Loss per share is $0.00.

b) that were subsequently sold on May 2, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.37; or (iii) the purchase price minus $2.65.

c) that were subsequently sold between May 3, 2013 and July 30, 2013, inclusive, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.51; or (iii) the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition as provided in Table 1 below.

d) that were still held as of the close of trading July 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.51; or (iii) the purchase price minus the average closing price of AVEO common stock during the 90-day period following the Class Period, which is $2.57.

5) For shares purchased on May 1, 2013,

a) that were subsequently sold on May 1, 2013, the Recognized Loss per share is $0.00.

b) that were subsequentlysold on May 2, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.66; or (iii) the purchase price minus $2.65.

c) that were subsequently sold between May 3, 2013 and July 30, 2013, inclusive, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.80; or (iii) the purchase price minus the "90-Day Lookback Value" on the date of sale/disposition as provided in Table 1 below.

d) that were still held as of the close of trading July 30, 2013, the Recognized Loss per share is the lesser of: (i) the purchase price minus the sale price; (ii) $2.80; or (iii) the purchase price minus the average closing price of AVEO common stock during the 90-day period following the Class Period, which is $2.57.

| Table 1 | | | | | |
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 5/2/2013 | $2.65 | 6/3/2013 | $2.66 | 7/2/2013 | $2.60 |
| 5/3/2013 | $2.59 | 6/4/2013 | $2.66 | 7/3/2013 | $2.59 |
| 5/6/2013 | $2.50 | 6/5/2013 | $2.65 | 7/5/2013 | $2.59 |
| 5/7/2013 | $2.49 | 6/6/2013 | $2.64 | 7/8/2013 | $2.59 |
| 5/8/2013 | $2.49 | 6/7/2013 | $2.62 | 7/9/2013 | $2.59 |
| 5/9/2013 | $2.51 | 6/10/2013 | $2.62 | 7/10/2013 | $2.59 |
| 5/10/2013 | $2.54 | 6/11/2013 | $2.63 | 7/11/2013 | $2.59 |
| 5/13/2013 | $2.56 | 6/12/2013 | $2.62 | 7/12/2013 | $2.58 |
| 5/14/2013 | $2.58 | 6/13/2013 | $2.62 | 7/15/2013 | $2.59 |
| 5/15/2013 | $2.59 | 6/14/2013 | $2.62 | 7/16/2013 | $2.59 |
| 5/16/2013 | $2.61 | 6/17/2013 | $2.62 | 7/17/2013 | $2.58 |
| 5/17/2013 | $2.64 | 6/18/2013 | $2.62 | 7/18/2013 | $2.58 |
| 5/20/2013 | $2.66 | 6/19/2013 | $2.62 | 7/19/2013 | $2.58 |
| 5/21/2013 | $2.68 | 6/20/2013 | $2.62 | 7/22/2013 | $2.58 |
| 5/22/2013 | $2.68 | 6/21/2013 | $2.62 | 7/23/2013 | $2.58 |
| 5/23/2013 | $2.68 | 6/24/2013 | $2.61 | 7/24/2013 | $2.58 |
| 5/24/2013 | $2.68 | 6/25/2013 | $2.61 | 7/25/2013 | $2.58 |
| 5/28/2013 | $2.68 | 6/26/2013 | $2.61 | 7/26/2013 | $2.58 |
| 5/29/2013 | $2.68 | 6/27/2013 | $2.60 | 7/29/2013 | $2.57 |
| 5/30/2013 | $2.68 | 6/28/2013 | $2.60 | 7/30/2013 | $2.57 |
| 5/31/2013 | $2.67 | 7/1/2013 | $2.60 | | |

**General Provisions**:

1. There shall be no Recognized Loss attributed to any AVEO securities other than common stock.

2. The date of a purchase or sale of AVEO common stock is the "trade" date, and not the "settlement" date.

3. All purchase and sale prices shall exclude any fees, taxes and commissions.

4. For any Recognized Loss amount that is calculated to be a negative number, the Recognized Loss shall be set to zero.

5. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

6. The date of covering a "short sale" is deemed to be the date of purchase of AVEO common stock; and the date of a "short sale" is deemed to be the date of sale of AVEO common stock

originally sold short.  Short sales will not have any Recognized Loss.

7.  Exercise of option contracts into AVEO common stock will be considered to be purchases or sales of AVEO common stock as of the date of the exercise.

8. No cash payment will be made on a claim where the potential distribution amount is less than $20. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

9. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

10. No person shall have any claim against Class Counsel, the Settlement Administrator or other agent designated by Class Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

11. Class members who do not submit valid Proofs of Claim will not share in the settlement proceeds. Class members who do not either submit a Request for Exclusion or submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

12.  Upon receipt of the Settlement Warrants, Class Counsel will have the right to take any measures they deem appropriate to protect the overall value of the Settlement prior to distribution to the Authorized Claimants, including, but not limited to, exercise or sales of all or part of the Settlement Warrants. Class Counsel shall have no liability for any exercise, sale, liquidation, transfer, or other disposition of the Settlement Warrants absent gross negligence or willful misconduct. Class Counsel shall also have the right to use the Settlement Cash in the Net Settlement Fund for the exercise of Settlement Warrants in the Net Settlement Fund, or other transactions to protect the overall value of the Net Settlement Fund.

## IV.  <u>REQUESTING EXCLUSION FROM THE CLASS</u>

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked on or before            , 2018,** addressed to the Settlement Administrator at: *AVEO Securities Litigation Claims Administration*, PO Box 5110, Portland, OR 97208-5110.  Include your name, address, phone number, and an accurate list of all of your transactions in AVEO common stock (including the number of shares, principal amount and trade date of each purchase and sale).  You must also sign the request, verifying the accuracy of the submitted information.  A request for exclusion shall not be effective unless submitted within the time and in the form and

manner provided above.  **You cannot exclude yourself by telephone, email or fax.**

**If a person or entity who is a member of the Class duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

### The Release

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Parties, without costs to any party except as provided herein, upon the Effective Date. Class Plaintiffs and all Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective date to release and forever discharge the Released Parties from any and all of the Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

## V.    STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund.  Class Counsel will seek no more than 30 percent of the Settlement Fund as fees, plus an additional amount not to exceed $400,000.00 as reimbursement for the expenses and costs actually incurred, in prosecuting the action. Class Counsel believe their intended fee request to be fair and reasonable. Class Counsel have litigated this case on a wholly contingent basis and have received no compensation during the period the case has been pending. Class Counsel expended considerable time and expense during the Action.  Had the case not been successful, Class Counsel would have sustained a considerable financial loss.

In addition, Class Counsel intend to apply to the Court on behalf of the two Court-appointed Class Plaintiffs for reimbursement from the Settlement Fund of their reasonable time, costs and expenses directly relating to their representation of the Class. Class Counsel will seek no more than $5,000 for each Class Plaintiff.

# VI.    THE FINAL APPROVAL HEARING

The Final Approval Hearing shall be held before Honorable Denise J. Casper on _____, 2018, at _____ .m., in Courtroom 11 of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $15,000,000.00 cash and 2 million Settlement Warrants should be approved as fair, reasonable and adequate; (2) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the Class Plaintiffs' application for reimbursement of costs and expenses should be granted.

***The Final Approval Hearing may be adjourned or continued by the Court without further notice other than an announcement at such hearing or on the Electronic Case Filing at the website of the District of Massachussets: https://ecf.mad.uscourts.gov/.***

If you are a member of the Class and have not excluded yourself, you may object in writing to the proposed Settlement, Plan of Allocation, and any application for attorneys' fees and expenses, or reimbursement of the costs and expenses of Class Plaintiffs. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. To object, you must send a written notice of objection to both the Clerk of the Court, District of Massachussets, John Joseph Moakley Courthouse, 1 Courthouse Way, Boston, MA 02201, and to counsel of record:

Joshua B. Silverman                          William H. Paine
POMERANTZ LLP                             WILMERHALE LLP
Ten South La Salle St., Ste. 3505            60 State St.
Chicago, IL 60603                             Boston, MA  02109
*Class Counsel*                               *Defendants' Counsel*

The notice of objection must be received by the Court by _____, and include: (1) a description of your objection, and the reasons for your objection; (2) notice if you intend to appear at the Final Approval Hearing, (3) a list of your transaction(s) in AVEO common stock between May 16, 2012 and May 1, 2013; and (4) brokerage statements, confirmation slips or similar evidence confirming that you are a member of the Class.

If you fail to object in the manner described above, you will waive any objections you may have and will be barred from raising those objections in this Action or any other action. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Class Plaintiffs will not affect the finality of the Settlement, if approved by the Court.

If you are a Class Member and do not request exclusion, you will be represented by Class Counsel in connection with the Settlement. You may also enter an appearance through your own counsel at your own expense.

## VII.   PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*** A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each account.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be filed with the Court-appointed Settlement Administrator **postmarked on or before _____, 2018** at the following address:

*AVEO Securities Litigation Claims Administration*
PO Box 5110
Portland, OR 97208-5110

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will not receive a payment from the Settlement, but will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Litigation, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

## VIII.   SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired shares of AVEO common stock between May 16, 2012 and May 1, 2013, both dates inclusive, for the beneficial interest of a person or organization other than yourself, you must either (a) within seven (7) days after receipt of this Notice, provide to the Settlement Administrator the name and last known address of each person or entity, (preferably in electronic format (e.g. Excel, csv)) setting forth (i) title/registration; (ii) street address; (iii) city/state/zip; or (b) request, in writing, additional copies of this Notice at the below address, which will be provided free of charge, and within seven (7) days after receipt of such Notices, mail the Notice directly to the beneficial owners of the securities referred to herein.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Settlement Administrator confirming that the mailing was made as directed. You are entitled to reimbursement of your *reasonable* expenses actually incurred in

connection with the foregoing, including reimbursement of postage expense and the actual out of pocket cost incurred in connection with ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Settlement Administrator at the following address:

*AVEO Securities Litigation Claims Administration*
PO Box 5110
Portland, OR 97208-5110

## IX.   EXAMINATION OF PAPERS AND INQUIRIES

For further information about the Action, you may contact Class Counsel at the address listed above or consult the pleadings and other papers filed in the Action at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, during normal business hours of each business day. If you have an account with PACER, you may consult the pleadings and other papers via Electronic Case Filing at the website of the District of Massachussets: https://ecf.mad.uscourts.gov/

If you have any questions concerning this case or your membership in the Class, please contact the Settlement Administrator by mail at *AVEO Securities Litigation Claims Administration*, PO Box 5110, Portland, OR 97208-5110, or by phone at (855) 367-5403, or by email at info@AveoSecuritiesLitigation.com, or by visiting www.AveoSecuritiesLitigation.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: _____, 2018                    **By Order of the Court**
                                               **United States District Court**
                                               **District of Massachussets**

# EXHIBIT A-2

**PROOF OF CLAIM AND RELEASE**

**Deadline for Submission:** _____

IF YOU PURCHASED THE COMMON STOCK OF AVEO PHARMACEUTICALS, INC. ("AVEO") BETWEEN MAY 16, 2012 AND MAY 1, 2013, DATES INCLUSIVE (THE "CLASS PERIOD"), AND ARE NOT EXCLUDED, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE (1) DEFENDANTS AND THEIR IMMEDIATE FAMILIES, (2) ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST, (3) CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES OF AVEO, AND (4) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, OR ASSIGNS OF ANY EXCLUDED PARTY.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.  SEND YOUR COMPLETED, SIGNED PROOF OF CLAIM BY FIRST CLASS MAIL, POSTMARKED ON OR BEFORE _____, 2018 TO THE SETTLEMENT ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*AVEO Securities Litigation Claims Administration*
PO Box 5110
Portland, OR 97208-5110

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2018 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY FROM THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE SETTLEMENT ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1. I (we) purchased AVEO common stock and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase AVEO common stock during the designated Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member as defined above and in the Notice of Pendency and Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of AVEO common stock during the Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Settlement Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale or retention of AVEO common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

AVEO PHARMACEUTICALS, INC.

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Settlement Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Settlement Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Settlement Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as defined in the Settlement Stipulation.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Settlement Administrator at 1-855-367-5403 or visit their website at www.AveoSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Settlement Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

AVEO PHARMACEUTICALS, INC.

## I. CLAIMANT INFORMATION

| Name |
|---|
| |
| |

| Address |
|---|
| |
| |

| City | State | ZIP |
|---|---|---|
| | | |

| Foreign Province | Foreign Country |
|---|---|
| | |

| Day Phone | Evening Phone |
|---|---|
| | |

| Email |
|---|
| |

| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## II. SCHEDULE OF TRANSACTIONS IN AVEO COMMON STOCK

### Beginning Holdings:

A.  State the total number of shares of AVEO common stock owned at the close of trading on May 15, 2012 long or short (*must be documented*).

### Purchases:

B.  Separately list each and every open market purchase of AVEO common stock during the period from May 16, 2012 through May 1, 2013, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### Sales:

C.  Separately list each and every sale of AVEO common stock during the period May 16, 2012, through July 30, 2013, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### Ending Holdings:

D.  State the total number of shares of AVEO common stock owned at the close of trading on May 1, 2013, long or short (*must be documented*).

-3-

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)


Date: _____

AVEO PHARMACEUTICALS, INC.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ON OR BEFORE _____, 2018 AND MUST BE MAILED TO:**

*AVEO Securities Litigation Claims Administration*
PO Box 5110
Portland, OR 97208-5110

A Proof of Claim received by the Settlement Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2018 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Settlement Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Settlement Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page 4.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Settlement Administrator of the change in your address.

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
In re AVEO Pharmaceuticals, Inc. Securities      )
Litigation                                       )
                                                 )        No. 1:13-cv-11157-DJC
_____)
                                                 )
This document relates to: All Actions            )        CLASS ACTION
                                                 )
                                                 )        Hon. Denise J. Casper
_____)


NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR
RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.

TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED
       SHARES OF AVEO PHARMACEUTICALS, INC. ("AVEO") BETWEEN
       MAY 16, 2012 AND MAY 1, 2013, BOTH DATES INCLUSIVE ("THE
       CLASS PERIOD").

Excluded from the Class are (1) Defendants and their immediate families, (2) any entity in
which Defendants have or had a controlling interest, (3) current and former officers,
directors and employees of AVEO, and (4) the legal representatives, heirs, successors, or
assigns of any excluded party.


YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court,
District of Massachusetts (the "Court") **of a proposed Settlement** in *In re AVEO Securities
Litigation*, No. 1:13-cv-11157 (the "Action").  If approved by the Court, the Settlement will
provide for $15 million cash and 2 million warrants to be issued after final approval of this
Settlement, with a one-year term and a $3.00 strike price.  Plaintiffs estimate there were
approximately 24.03 million shares of AVEO common stock traded during the Class Period that
may have been damaged.  If all of those shares were damaged, the estimated average recovery will
have an economic value of approximately $0.7501 per share, before deduction of Court approved
fees and expenses and costs of notice and claims administration, based on Plaintiffs' estimated
value of the warrant component of the Settlement at $1.5213 per warrant (as of January 31, 2018).
The actual amount disbursed to members of the Class who participate in the Settlement may be
more or less than this figure.

A hearing will be held before Honorable Denise J. Casper on _____, 2018, at _____ .m.,
in Courtroom 11 of the United States District Court for the District of Massachusetts, John Joseph
Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine: (1)
whether the proposed Settlement of the Class's claims against the Defendants for $15,000,000.00
cash and 2 million Settlement Warrants should be approved as fair, reasonable and adequate; (2)

1

whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (3) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (4) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (5) whether the application by Class Counsel for an award of attorneys' fees and expenses should be approved; and (6) whether the Class Plaintiffs' application for reimbursement of costs and expenses should be granted.

**If you purchased AVEO common stock during the Class Period, your rights may be affected by the Settlement of this Action.** If you have not received a detailed Notice of Pendency and Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to the Settlement Administrator at *AVEO Securities Litigation Claims Administration*, PO Box 5110, Portland, OR 97208-5110, or by phone at (855) 367-5403, or by email at info@AveoSecuritiesLitigation.com, or by visiting www.AveoSecuritiesLitigation.com.

If you are a member of the Class, in order to share from the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Settlement Administrator's address provided above and postmarked on or before _____, 2018. If you are a member of the Class and do not submit a proper Proof of Claim, you will not share in the distribution of the Net Settlement Fund, but you will be bound by any judgment or orders entered by the Court.

If you want to exclude yourself from the Class, you must submit a request for exclusion to the Settlement Administrator at the address above postmarked on or before _____, 2018, in the manner and form detailed in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgment or orders entered by the Court in the Action, and you will not be eligible to share in the proceeds of the Settlement.

If you have any objection to the proposed Settlement, the adequacy of representation provided by Class Plaintiffs and/or Class Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees not to exceed 30% of the Settlement Amount, and reimbursement of expenses not to exceed $400,000, and/or the application of a Compensatory Award, not to exceed $5,000 each, for the time and expenses incurred by Class Plaintiffs, or if you otherwise wish to be heard with respect to any of the foregoing, you may appear in person or by attorney at the Final Approval Hearing. Notice of objection or appearance must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Class Counsel and Defendants' Counsel, such that it is received by each party no later than _____, 2018, in accordance with the instructions set forth in the Notice.

All members of the Class who do not request exclusion therefrom, in the manner provided in the Notice, will be represented by Class Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice at their own expense.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.** Any questions should be directed to:

| **Settlement Administrator** | **Class Counsel** |
|---|---|
| *AVEO Securities Litigation Claims Administration* | Joshua B. Silverman |
| c/o Epiq Class Action and Claims Solution | Pomerantz LLP |
| PO Box 5110 | 10 South LaSalle Street, Suite 3505 |
| Portland, OR 97208-5110 | Chicago, IL 60603 |
| (855) 367-5403 | (312) 377-1181 |
| info@AveoSecuritiesLitigation.com | jbsilverman@pomlaw.com |
| www.AveoSecuritiesLitigation.com | |

Dated: _____, 2018

**By Order of the Court**
**United States District Court**
**District of Massachussets**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| | ) |
| IN RE: AVEO Pharmaceuticals, Inc. Securities Litigation | ) Civ. A. No. 1:13-cv-11157-DJC |
| | ) <u>CLASS ACTION</u> |
| | ) |
| | ) |
| | ) Hon. Denise J. Casper |
| This Document Relates To | ) |
| ALL CASES | ) |
| | ) |
| | ) |

**[PROPOSED] ORDER OF FINAL APPROVAL AND FINAL JUDGMENT**

THIS MATTER is before the Court upon Class Plaintiffs Robert Levine and William Windham's Motion for Final Approval of Class Action Settlement (the "Motion"). The Court has carefully reviewed this Motion and the entire court file and is otherwise fully advised in the premises.

Class Plaintiffs Levine and Windham (collectively, "Class Plaintiffs") have submitted for final approval a proposed settlement of this class action, which is unopposed by Defendants AVEO Pharmaceuticals, Inc., Tuan Ha-Ngoc, William Slichenmyer, and David Johnston (collectively, "Defendants").

By an Order dated November 14, 2017, this Court certified the following Class: All persons or entities who purchased or acquired shares of AVEO common stock (ticker symbol AVEO) between May 16, 2012 and May 1, 2013, both dates inclusive. Excluded from the Class are (1) Defendants and their immediate families, (2) any entity in which Defendants have or had a

1

controlling interest, (3) current and former officers, directors and employees of AVEO, and (4) the legal representatives, heirs, successors, or assigns of any excluded party.

By an Order dated _____, 2018, the Court ordered that the Notice of Proposed Settlement substantially in the form of Exhibit A-1 to the Stipulation be mailed no later than twenty (20) days of the entry thereof to each Class Member reasonably identifiable by the process outlined in the Order, together with a Proof of Claim form substantially in the form of Exhibit A-2 to the Stipulation.  The Court further ordered that separate Summary Notice be published twice in a national business internet newswire, substantially in the form of Exhibit A-3 to the Stipulation.

On _____, 2018, the Court conducted a Final Approval Hearing to determine:

  a. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

  b. Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

  c. Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

  d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

  e. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel in connection with the Final Approval Hearing to which the Defendants do not oppose should be approved; and

  f. Whether the application for a reimbursement award to Class Plaintiffs to be submitted in connection with the Final Approval Hearing should be approved.

Class Members were informed in the Notice of their right to exclude themselves from the settlement, of their right to object to the Settlement (or to the Plan of Allocation, request for award of attorneys' fees and expenses or request for a reimbursement award).  Class Members and all interested parties were afforded the opportunity to be heard.  The Court has duly considered all of the submissions and arguments presented on the proposed Settlement and Stipulation thereof. After due deliberation and for the reasons set out below, the Court has determined that the Settlement and Stipulation thereof is fair, reasonable, and adequate and should therefore be approved.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [Dkt. No. _____] be approved and the same is hereby **GRANTED** as follows:

1.      This Order of Final Approval and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise identified herein have the meanings assigned to them as set forth in the Stipulation.

1.      The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

2.      On _____, 2018, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation.  In reaching its decision in this Action, the Court considered the Stipulation, the Court file in this case, the presentation by Class Counsel on behalf of the Class Plaintiffs and other Class Members in support of the fairness, reasonableness and adequacy of the Settlement, and all other submissions.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

3

affirms its order maintaining the Class as defined in its November 14, 2017 Order.

4.      In the Preliminary Approval Order (Dkt. No. __), the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7).  The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based on the contention or proof that such Class Member failed to receive actual or adequate notice.  The Court finds that a full opportunity has been afforded to Class Members to object to the Settlement and/or to participate in the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

5.      The Court has determined that the Settlement is fair, reasonable and adequate and is hereby finally approved in all respects.  The Court has considered the submissions of the Parties, the discovery conducted in this case, and the Court file, all of which show that there remains a risk and uncertainty as to whether the Class Plaintiffs and the Settlement Class would ultimately prevail on their claims at trial and/or appeal, and the amount of damages they would recover if they did prevail.  In light of this risk and uncertainty, and the response of Class Members to the proposed Settlement, the Court finds that the benefits available directly to the Class Members, as reflected in the settlement consideration set forth in ¶6 below, represent a fair, reasonable and adequate resolution.

6.      As set forth in the Stipulation, the settlement consideration includes Settlement Cash in the amount of $15,000,000 and Settlement Warrants for the purchase of 2,000,000 shares of AVEO common stock.  Among other things, the recovery of individual Class Members depends on the number of shares of AVEO common stock those Class Members purchased and sold, the timing and prices of those transactions, and the transactions of other Class Members who filed claims.

7.      The Court finds that the proposed Plan of Allocation is fair, just, reasonable and adequate and is finally approved in all respects.

8.       In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the terms of the Settlement, and that all negotiations were made at arm's length.  Furthermore, the terms of the Stipulation make it clear that the process by which the Settlement was achieved was fair.  Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Class Counsel or counsel for Defendants.

9.      This Judgment shall be binding on all Class Members, including Class Plaintiffs, except for the Class Members who filed timely and valid requests for exclusion, as listed on Exhibit 1, attached hereto.  Further, the Action and Released Claims are hereby dismissed with prejudice as against Defendants and all Released Persons.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10.      Upon the Effective Date, Class Plaintiffs on behalf of each Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not any individual Class Member executes and delivers the Proof of Claim.

11.      Upon the Effective Date, Class Plaintiffs and each Class Member and anyone

5

claiming through or on behalf of any of them, by operation of this Judgment, shall be forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum or other forum of any kind, asserting any of the Released Claims against any of the Released Persons, including Unknown Claims as defined in the Stipulation.

12.     Upon the Effective Date, Defendants, on behalf of themselves and the Released Persons, shall hereby be deemed to have, and by operation of this Judgment shall have, fully, finally and forever, released, relinquished, settled and discharged the Class Plaintiffs, the members of the Class, or Class Counsel, from any claims related to the prosecution of this Action or transactions at issue in this Action. and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such claims against any of them directly or indirectly.

13.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims for contribution, equitable indemnity, or any claims however designated that seek equivalent relief are hereby permanently barred and discharged if the claim or claims: (a) arise out of the Action or any Released Claims, including any claim arising out of, relating to, or connected in any way with (1) the purchase of AVEO common stock on the open market during the Class Period and (2) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act which were, or could have been alleged, in the Action or in any other forum, based upon, relating to or arising from the facts which were or could have been alleged in the Action; or (b) are filed by any Person against AVEO or any Individual Defendant, or filed by AVEO or any Individual Defendant against any Person; except that AVEO expressly reserves the right to seek contribution, equitable indemnity, or any claim seeking equivalent relief against any Person (other than the Individual Defendants, their Related Parties, Plaintiffs, or Class Counsel, as defined in the Stipulation) whose liability has been extinguished by

the Settlement; or (c) where the damage to the claimant is measured by reference to the claimant's liability to the Class Counsel or the Class, are hereby permanently barred and discharged. Notwithstanding the foregoing, nothing in this Judgment shall bar or otherwise affect any rights or claims of any Released Person under any directors' and officers' liability insurance or other applicable insurance coverage.

14.     The Court finds and concludes that during the course of this Action, Defendants, , Class Plaintiffs, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.   No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints.   The Court further finds that Class Plaintiffs and Class Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

15.     The Court hereby awards Class Counsel _____ % of the Settlement Fund in attorneys' fees, plus interest at the same rate as earned by the Settlement Fund.   The Court also awards Class Counsel reimbursement of $ _____ of expenses in the aggregate.   These awards are to be allocated in the sole discretion of Class Counsel.

16.     The Court hereby awards Class Plaintiffs Levine and Windham reimbursement of $_____ each for the time and expenses they incurred in prosecuting this action.

17.     The attorneys' fees and expenses approved by the Court herein shall be payable from the Settlement Fund to Class Counsel within five (5) business days after entry of this Judgment, notwithstanding the existence of any potential appeal or collateral attack on this Judgment.   The reimbursement awards approved by the Court herein shall be payable from the Settlement Fund to the respective Class Plaintiffs within five (5) business days after the Effective

7

Date.

18.     Without further order of the Court, the Parties may agree to reasonable extensions

of time to carry out any of the provisions of the Stipulation.

19.     If the Settlement is terminated as provided in the Stipulation or the Effective Date

otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no

further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall

be without prejudice to the rights of the Parties, and the Parties shall revert to their respective

positions in the Action immediately prior to their execution of the Stipulation as provided therein.

20.     Nothing in this Judgment shall in any way impair or restrict the rights of the Parties

to enforce the terms of the Stipulation.

21.     Without affecting the finality of this Judgment, the Court reserves continuing and

exclusive jurisdiction over all matters relating to the administration, implementation, effectuation

and enforcement of the Stipulation, the Settlement and this Judgment.

22.     There is no just reason for delay in the entry of this Judgment and immediate entry

by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure.

**SO ORDERED** in the District of Massachusetts on _____, 2018.


_____

UNITED STATES DISTRICT JUDGE
DENISE J. CASPER

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: February 2, 2018                                  */s/ Adam M. Stewart*_____
                                                                   Adam M. Stewart