UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: AVEO Pharmaceuticals, Inc. Securities Litigation | Civ. A. No. 1:13-cv-11157-DJC <br> <u>CLASS ACTION</u> |
| This Document Relates To <br> ALL CASES | Hon. Denise J. Casper |

## [~~PROPOSED~~] <u>ORDER FOR NOTICE AND HEARING</u>

The Court having reviewed and considered Class Plaintiffs Robert Levine and William Windham's Assented-to Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

IT IS HEREBY ORDERED:

1. The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below.

2. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Stipulation. The Court concludes that the Settlement is

1

sufficiently within the range of reasonableness to warrant the dissemination of Notice to Class Members, as provided for in this Order.

3. The Court orders the stay of the litigation pending in this Court and enjoins the initiation of any new litigation by any Class Member in any court, arbitration or other tribunal that includes any Released Claims (as defined in the Stipulation) against Defendant or any of the Released Persons.

Form and Timing of Notice

4. The Court approves the form, substance and requirements of (a) the Notice; (b) the Proof of Claim; and (c) the Summary Notice, substantially in the forms attached to the Stipulation as Exhibits A-1, A-2 and A-3, respectively. The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in this Order: (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Class and of their right to appear at the Final Approval Hearing; (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Litigation Securities Reform Act of 1995, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

5. Class Counsel is hereby authorized to retain the firm of Epiq Class Action & Claims Solutions as Settlement Administrator to supervise and administer the notice and claims procedures.

6. The Court approves the establishment of a Notice and Administration Account and hereby authorizes the transfer of up to $250,000 from the Settlement Fund to the Notice and

Administration Account. As set forth in the Stipulation, the Notice and Administration Account shall be used for the purpose of paying the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Settlement Administrator in connection with the administration and notice of the Settlement, including the costs of providing notice as specified in this Order. The Court authorizes payment out of the Settlement Fund of all taxes and tax expenses described in paragraph IX.C of the Stipulation.

7. As soon as practicable after entry of this Order, but no later than twenty (20) days of the entry of the Order of Preliminary Approval, the designated Settlement Administrator shall cause a copy of the Notice and Proof of Claim substantially in the forms of Exhibits A-1 and A-2 to the Stipulation, to be mailed by first-class United States mail, postage pre-paid, to each Class Member who has been or that may be identified by reasonable efforts, including the nominee procedures set forth herein.

8. The Settlement Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased AVEO common stock during the Class Period as record owners but not beneficial owners. Pursuant to the Notice, each nominee shall either (a) send the Notice and Proof of Claim to Class Members for which they act as nominee by first-class United States mail within seven (7) days after the nominee receives the Notice; or (b) send a list of names and addresses of such beneficial owners to the Settlement Administrator within seven (7) days after the nominee receives the Notice, and in the event of the latter, the Settlement Administrator shall promptly send by first-class United States mail the Notice and Proof of Claim to all Class Members on the list received from the nominee. The Settlement Administrator shall, if requested, reimburse nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, provided that such expenses would not have been incurred except for the sending of such Notice,

subject to further order of this Court with respect to any dispute concerning reimbursement.

9. At approximately ten (10) days and again at approximately twenty (20) days after mailed Notice is sent, Class Counsel shall also cause a Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form of Exhibit A-3 to the Stipulation, to be published on national business newswire. Class Counsel shall file with the Court no later than seven (7) days prior to the Final Approval Hearing an affidavit or declaration confirming that Notice has been provided as set forth in this Order and that Summary Notice has been published as set forth in this Order.

10. Defendants shall each file the notices described by the Class Action Fairness Act, 28 U.S.C. § 1715, within the time periods set forth in that statute.

11. Any Class Member who wishes to participate in the Settlement Fund must complete and submit a valid Proof of Claim to the address indicated in the Notice, postmarked on or before the date specified in the Notice. To be valid, a Proof of Claim must: (a) be complete in a manner that permits the Settlement Administrator to determine the eligibility of the claim and comply with the instructions of the Proof of Claim and Notice; (b) include the release by the claimant of all Released Persons as set forth in the Stipulation; (c) be signed with an affirmation (notarization not required) that the information is true and correct; and (d) be sent to the Court-appointed Settlement Administrator postmarked on or before the date specific on the Proof of Claim.. All Class Members that do not submit valid and timely Proofs of Claim or that do not submit valid and timely Requests for Exclusion as provided in paragraph 12 of this Order will be forever barred from receiving payment from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including the Releases and Judgment provided for therein.

Request For Exclusion

12. Any Class Member may request exclusion from the Class and this Action in the manner and with the consequences described herein, providing that all such Requests for Exclusion must be postmarked or received by the Settlement Administrator no later than fourteen (14) days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline"). Such request for exclusion shall be in a form that sufficiently identifies (1) the name, address, and phone number of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving AVEO common stock between May 16, 2012 and May 1, 2013, both dates inclusive, and shall include the number of shares, principal amount and trade date of each purchase and sale. The request for exclusion must also be signed to verify the accuracy of the information submitted.

Settlement Administrator:

*AVEO Securities Litigation Claims Administration*
PO Box 5110
Portland, OR 97208-5110

13. Class Counsel, in conjunction with the Settlement Administrator, shall file with the Court no later than seven (7) days prior to the Final Approval Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt-Out/Objection Deadline.

14. Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline will be bound by the Stipulation.

15. Any Class Member that files a timely and complete Request for Exclusion from this Settlement by the Opt-Out/Objection Deadline may proceed with his/her own action.

Final Approval Hearing; Right to Appear and Object

16. A Final Approval Hearing shall take place before the undersigned, United States District Judge Denise J. Casper, Courtroom 11, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300

5

Boston, Massachusetts 02210 on ___May 30___, 2018, at 2:30 p.m., [approximately 105 days after preliminary approval] to determine:

    a. Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    b. Whether the proposed Plan of Allocation is fair, just, reasonable, and adequate;

    c. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

    d. Whether the Action should be dismissed on the merits and with prejudice against the Defendants as set forth in the Stipulation;

    e. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

    f. Whether the application for a reimbursement award to be submitted by Class Plaintiffs should be approved; and

    g. Such other matters as the Court may deem necessary or appropriate.

17. The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members. The Court may approve the Settlement and enter the Judgment regardless of whether it has approved the Fee and Expense Application, any request for a reimbursement award, and/or the Plan of Allocation.

18. The Court reserves the right to adjourn the Final Approval Hearing, including the consideration of all matters referenced in paragraph 16 above, without further notice to Class Members except public notice via the court docket on PACER.

19. Class Counsel shall file opening papers in support of final approval of the Stipulation and Settlement, and any motion for an award of attorneys' fees and reimbursement of

expenses, or a reimbursement award to Class Plaintiffs, no later than twenty-one (21) days prior to the Final Approval Hearing.

20. Any Class Member and any other interested person may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before the Opt-Out/Objection Deadline, such person:

a. Files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Final Approval Hearing; and

b. Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel and the Court by the Opt-Out/Objection Deadline:

For Class Counsel:
Joshua B. Silverman
Pomerantz LLP
Ten South La Salle St., Ste. 3505
Chicago, IL 60603

For Defendants' Counsel:
William Paine
WilmerHale LLP
60 State St.
Boston, MA 02109

Court:
Clerk of the Court
United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

21. Class Counsel shall file any reply papers in further support of the Stipulation and Settlement, or any motion for an award of attorneys' fees and reimbursement of expenses no later

than seven (7) days prior to the Final Approval Hearing.

## Other Provisions

22. Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Plaintiffs, Class Counsel, any Class Members, Defendants, the Released Persons (as defined in the Stipulation), or any other person, of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Class Plaintiffs, or any Class Members or any person has or has not suffered any damage.

23. In the event that the Settlement is terminated or is not consummated for any reason, the Stipulation and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Stipulation before it was executed.

SO ORDERED in the District of Massachusetts on February 8, 2018.

UNITED STATES DISTRICT JUDGE
DENISE J. CASPER